UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DAVID DRAKE, <br><br> Plaintiff, <br><br> v. <br><br> GENESIS BANKCARD SERVICES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-11690 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes CHRISTOPHER DAVID DRAKE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GENESIS BANK CARD SERVICES, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 37 year old natural person residing in Chicago Heights, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant offers credit cards and plans to customers on a nationwide basis. Defendant's principal place of business is located at 15220 Northwest Greenbrier Parkway, Suite 200, Beaverton, Oregon. Defendant regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a consumer line of credit through Defendant. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. In the Spring of 2016, Plaintiff began receiving phone calls from Defendant to his cellular phone, (708) XXX-7393. *See* Exhibit A.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7393. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant initially used to call Plaintiff was (800) 958-2556. *Id.*

13. Upon information and belief, the aforementioned phone number ending in 2556 is regularly utilized by Defendant to contact consumers in Illinois during its debt collection activities.

14. When answering calls from Defendant, Plaintiff often experiences a brief pause, approximately four to five seconds in length, before being connected with a live representative. *Id.*

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was seeking to collect on past due credit card debt. *Id.*

16. Lacking the ability to pay Defendant, Plaintiff informed it of his situation and attempted to work out a solution. *Id.*

17. After its refusal to work with him, Plaintiff asked Defendant to stop calling. *Id.*

18. Despite Plaintiff's demands, Defendant continued to relentlessly call his cellular phone up until the date of the filing of the instant action. *Id.*

19. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that he was not in a position to pay and to cease contacting him. *Id.*

20. For instance, on August 19, 2016, Defendant called Plaintiff's cellular phone not less than three times.

21. Plaintiff has received not less than 15 calls from Defendant after asking it to stop calling him. *Id.*

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses. *Id.*

23. Plaintiff has spent money purchasing and maintaining an application on his cellular phone for the purpose of blocking Defendant's calls. *Id.*

24. Plaintiff has suffered financial loss as a result of Defendant's actions.

25. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

26. Plaintiff has been unfairly harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by Plaintiff's demands to cease its contacts.

32. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CHRISTOPHER DAVID DRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or

5

> commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact him, systematically calling his cellular phone multiple times during the same day on back-to-back days. These calls were placed with the hope that Plaintiff would be compelled to make payment. Defendant ignored Plaintiff's prompts to cease its calls and continued to seek payment from him.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 21 through 27, Plaintiff has suffered actual damages, including costs associated with purchasing and maintaining a blocking application, as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, CHRISTOPHER DAVID DRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2016                Respectfully submitted,

                                                         s/ Nathan C. Volheim
                                                         Nathan C. Volheim, Esq. #6302103
                                                         Counsel for Plaintiff
                                                          Sulaiman Law Group, Ltd.
                                                         900 Jorie Boulevard, Suite 150
                                                         Oak Brook, Illinois 60523
                                                         (630) 575-8181 x113 (phone)
                                                         (630) 575-8188 (fax)
                                                         nvolheim@sulaimanlaw.com